UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

JOSHUA BARNETT,

        Petitioner,

v.                               Case No. 2:21-cv-12959
                               Honorable Linda V. Parker

WARDEN,

        Respondent.
_____/

## OPINION AND ORDER (1) DENYING PETITION FOR WRIT OF HABEAS CORPUS, (2) DENYING PERMISSION TO APPEAL IN FORMA PAUPERIS, AND (3) DENYING PETITIONER'S PENDING MOTIONS

Petitioner Joshua Barnett, a federal inmate incarcerated at FCI Milan, filed a pro se petition for a writ of habeas corpus. (ECF No. 1.) Petitioner also filed a motion for summary judgment and a motion for change of venue. (ECF Nos. 5, 6.) The petition, as best as the Court can discern, asserts that the Bureau of Prisons is without jurisdiction to hold Petitioner because the government engaged in some form of securities fraud by selling bonds bearing Petitioner's name and secured by the judgment in his criminal case. (*See* ECF No. 1 at Pg ID 15-17.) The Court finds the claim frivolous. Therefore, the Court is summarily denying the habeas petition, denying leave to appeal in forma pauperis, and deny Petitioner's pending motions.

## I.  Background

On July 7, 2015, Petitioner pleaded guilty in the United States District Court for the Southern District of Indiana to one count of manufacturing more than one-hundred marijuana plants contrary to 21 U.S.C. § 841(a)(1).  *See United States v. Barnett*, No. 1:15-cr-00021 (S.D. Ind. July 7, 2015), ECF No. 32.  The district court sentenced Petitioner to a term of incarceration of 120 months.  Judgment, *id.* (S.D. Ind. Aug. 31, 2015), ECF No. 35.

From 2020 to the present, Petitioner has filed several post-conviction motions in the Southern District of Indiana, making "natural born person" and other commercial-law based arguments challenging his criminal conviction, which are similar to the arguments raised in the present action.  *See id.* at ECF Nos. 37, 41, 44, 55.  The District Court for the Southern District of Indiana has denied all Petitioner's motions.

## II.  Standard of Review

A petition for a writ of habeas corpus must set forth facts that give rise to a cause of action under federal law or it may be summarily dismissed.  *See Perez v. Hemingway*, 157 F. Supp. 2d 790, 796 (E.D. Mich. 2001).  Federal courts are authorized to dismiss any habeas petition that appears legally insufficient on its face.  *McFarland v. Scott*, 512 U.S. 849, 856 (1994).  Summary dismissal is available if it plainly appears from the face of the petition or the exhibits attached

to it that the petitioner is not entitled to federal habeas relief. *See Carson v. Burke*, 178 F.3d 434, 436 (6th Cir. 1999); Rule 4 of the Rules Governing § 2254 Cases.

### III. Discussion

Although Petitioner's arguments in his petition are difficult to follow, he seems to be arguing that the BOP has no authority to hold him in custody because of some overarching fraudulent scheme whereby financial instruments are secured by using the identities of federal prisoners. Because Petitioner did not consent to the scheme as "creditor/real party in interest," he seeks to "redeem said securities" by way of his release from custody. (ECF No. 1 at Pg ID 5-8.)

Petitioner is not the first federal prisoner to assert such arguments. While the particulars of the arguments vary from case to case, they express similar conspiratorial ideas and have been regularly dismissed. *See, e.g., Van Hazel v. Luoma*, No. 05-cv-73401, 2005 U.S. Dist. LEXIS 25247, 2005 WL 2837356, at *2 (E.D. Mich. Oct. 27, 2005) (defendant cannot divest the court of jurisdiction to prosecute him by declaring a security interest in himself); *Kerr v. Hedrick*, 89 F. App'x 962, 963 (6th Cir. 2004) (rejecting claim that defendant was exempt from punishment for his federal crimes because his rights derived exclusively from his religious beliefs); *see also United States v. Holloway*, 11 F. App'x 398, 400 (6th Cir. 2001) (indicating that any contention that the Uniform Commercial Code presents a potential defense would be frivolous, as the code is not applicable in

criminal proceedings).  Petitioner's arguments are similarly frivolous and therefore are being summarily dismissed.

Petitioner's pending motions, which the Court interprets as attempts to amplify his frivolous claims, are denied as moot.  Furthermore, the Court denies Petitioner leave to appeal this decision in forma pauperis because any appeal would be frivolous and thus would not be taken in good faith.  *See* 28 U.S.C. § 1915(a)(3); *Coppedge v. United States*, 369 U.S. 438, 445-46 (1962) (interpreting "good faith" in § 1915 to mean "not frivolous").  Finally, Petitioner is not required to apply for a certificate of appealability if he attempts to appeal this decision because "the statutory language imposing the certificate-of-appealability requirement clearly does not extend to cases where . . . detention arose out of federal process but the proceeding is not under § 2255."  *Witham v. United States*, 355 F.3d 501, 504 (6th Cir. 2004).

Accordingly,

**IT IS ORDERED** that Petitioner's application for the writ of habeas corpus is **DENIED WITH PREJUDICE**.

**IT IS FURTHER ORDERED** that Petitioner's motion for summary judgment (ECF No. 5) and motion to change venue (ECF No. 6) are **DENIED AS MOOT**.

**IT IS FURTHER ORDERED** that Petitioner is **DENIED** leave to proceed

in forma pauperis on appeal.

**IT IS SO ORDERED.**

s/ Linda V. Parker
LINDA V. PARKER
U.S. DISTRICT JUDGE

Dated: October 17, 2022

I hereby certify that a copy of the foregoing document was mailed to counsel of
record and/or pro se parties on this date, October 17, 2022, by electronic and/or
U.S. First Class mail.

s/Aaron Flanigan
Case Manager